Filed 10/29/15  P. v. Wilson CA2/7

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>KENNETH ROY WILSON,<br><br>    Defendant and Appellant. | B260281<br><br>(Los Angeles County<br>Super. Ct. No. SA025425)<br><br>**ORDER MODIFYING OPINION; NO CHANGE IN JUDGMENT; PETITION FOR REHEARING DENIED** |

THE COURT:

The opinion filed October 13, 2015, and not certified for publication, is modified as follows:

1.  On page 4, the Disposition reads as follows:

### DISPOSITION

The order is reversed, and the matter remanded with directions to grant the petition for recall of sentence and to proceed in accordance with the procedures specified in section 1170.126 regarding the sentence for inflicting corporal injury on a cohabitant.

It should read:

## DISPOSITION

The order is reversed and the matter remanded with directions to the superior court to grant the petition for recall of sentence and to determine, in compliance with the provisions of section 1170.126, whether Wilson is eligible under section 1170.126, subdivision (e), for resentencing on his conviction for inflicting corporal injury on a cohabitant, and, if so, to resentence Wilson on that conviction, "unless the court, in its discretion determines that resentencing [Wilson] would pose an unreasonable risk of danger to public safety," under section 1170.126, subdivision (f).

There is no change in the judgment. Respondent's petition for rehearing is denied.

PERLUSS, P. J.                    ZELON, J.                    SEGAL, J.

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>KENNETH ROY WILSON,<br><br>    Defendant and Appellant. | B260281<br><br>(Los Angeles County<br>Super. Ct. No. SA025425) |

APPEAL from an order of the Superior Court of Los Angeles County, William C. Ryan, Judge.  Reversed and remanded with directions.

Cheryl Lutz, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Gerald Engler, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Noah P. Hill and Viet H. Nguyen, Deputy Attorneys General, for Plaintiff and Respondent.

_____

## INTRODUCTION

Kenneth Roy Wilson, serving a three strikes, indeterminate sentence of 56 years to life, petitioned pursuant to Penal Code section 1170.126,[1] part of the Three Strikes Reform Act (Proposition 36), for recall of his sentence and resentencing as a second strike offender. The trial court denied the petition on the ground Wilson was ineligible for resentencing because one of the commitment offenses, assault by means of force likely to produce great bodily injury and with a deadly weapon (former § 245, subd. (a)(1)), is a serious felony. (See § 1170.126, subd. (e)(2).) We conclude Wilson was eligible for resentencing and reverse.

## FACTUAL AND PROCEDURAL BACKGROUND

Wilson lived with his girlfriend Belinda P., a child they had together, and Belinda P.'s four children. Wilson came home intoxicated, and he and Belinda P. had a verbal altercation that escalated into a shoving match in the living room. Wilson, a large man, scratched Belinda P.'s face with his fingernails and pushed her into a glass table, which shattered. Wilson then threatened to kill Belinda P. and retrieved a knife from the kitchen before returning to the living room. When Wilson began walking with the knife to the children's room, Belinda P. blocked him and he jabbed at her, cutting her hands and arms. Wilson threatened to stab her and kill her. (See *People v. Wilson* (Jan. 15, 2002, B142587) [nonpub. opn].)

A jury convicted Wilson in 1996 of inflicting corporal injury on a cohabitant (§ 273.5, subd. (a), count 1), making a terrorist threat with the use of a knife (§§ 422, 12022, subd. (b)(1), count 2) and assault by means of force likely to produce great bodily injury and with a deadly weapon (count 3) with findings he had suffered one prior serious felony conviction for voluntary manslaughter (§ 667, subd. (a)(1)) and four prior convictions qualifying him for sentencing under the three strikes law (§§ 667,

---

[1] Statutory references are to the Penal Code.

subds. (b)-(d), 1170.12). The jury also found Wilson had four prior felony convictions that were predicates for a separate prison term enhancement (§ 667.5, subd. (b)).

The trial court imposed an aggregate state prison sentence of 58 years to life. Wilson twice appealed from the judgment, and each time on remand the trial court elected to impose an aggregate term of 58 years to life.

On January 15, 2002, following Wilson's third appeal, we ordered the judgment modified to reflect an aggregate state prison sentence of 56 years to life: A term of 25 years to life for infliction of corporal injury upon a cohabitant (count 1) and a consecutive term of 25 years to life for aggravated assault (count 3), plus five years for the prior serious felony enhancement and one year for the prior prison term enhancement. The term of 25 years to life for making a terrorist threat plus one year for the use of a deadly weapon was stayed pursuant to section 654. (See *People v. Wilson, supra,* B142587.)

## DISCUSSION

An inmate's petition to recall his or her sentence must state "all of the currently charged felonies, which resulted in the [third strike life sentence]" and "all of the prior [strike] convictions . . . ." (§ 1170.126, subd. (d).) The trial court must then determine whether the inmate has satisfied the requirements set forth in subdivision (e) of section 1170.126. (§ 1170.126, subd. (f).) An inmate is eligible for resentencing if (1) he or she is currently serving a third strike life term for conviction of a felony or felonies that are not defined as serious and/or violent felonies by section 667.5, subdivision (c), or section 1192.7, subdivision (c); (2) the "current sentence was not imposed for any of the offenses" listed in section 667, subdivision (e)(2)(C)(i)-(iii), or section 1170.12, subdivision (c)(2)(C)(i)-(iii); and (3) none of the inmate's prior convictions is listed in section 667, subdivision (e)(2)(C)(iv), or section 1170.12, subdivision (c)(2)(C)(iv). (§ 1170.126, subd. (e).) If the inmate satisfies these requirements, the trial court shall resentence him or her, "unless the court, in its discretion, determines that resentencing the [inmate] would pose an unreasonable risk of danger to public safety." (§ 1170.126, subd. (f).)

3

Wilson argues he is entitled to recall of his third strike sentence for infliction of corporal injury on a cohabitant because the offense is neither a serious nor a violent felony and an inmate's eligibility for resentencing under Proposition 36 should be determined on a count-by-count basis. The Supreme Court recently addressed this issue in *People v. Johnson* (2015) 61 Cal.4th 674, holding that Proposition 36 "requires an inmate's eligibility for resentencing to be evaluated on a count-by-count basis. So interpreted, an inmate may obtain resentencing with respect to a three-strikes sentence imposed for a felony that is neither serious nor violent, despite the fact that the inmate remains subject to a third strike sentence of 25 years to life." (*Johnson, supra,* at p. 688.)

Based on this holding, although Wilson's convictions for aggravated assault and making a criminal threat with a deadly weapon enhancement are disqualifying serious felony convictions under section 1170.126 (see §§ 667, subd. (e)(2)(C)(iii), 1170.12, subd. (c)(2)(C)(iii)), he is nonetheless eligible for recall of his indeterminate sentence for inflicting corporal injury on a cohabitant. On remand, the trial court must resentence Wilson for inflicting corporal injury on a cohabitant pursuant to section 1170.126, subdivision (f), if Wilson satisfies all the criteria set forth in subdivision (e), "unless the court, in its discretion, determines that resentencing [Wilson] would pose an unreasonable risk of danger to public safety."

## DISPOSITION

The order is reversed, and the matter remanded with directions to grant the petition for recall of sentence and to proceed in accordance with the procedures specified in section 1170.126 regarding the sentence for inflicting corporal injury on a cohabitant.


SEGAL, J.


We concur:


PERLUSS, P. J.                                    ZELON, J.

4